UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES,

   v.            **DECISION AND ORDER**
                 05-CR-187S

NEISHA E. MOODIE and
YOLANDA ANGELA WOODS,

       Defendants.

   1.  On July 27, 2005, the Grand Jury for the Western District of New York returned an Indictment against Defendants Neisha Moodie and Yolanda Angela Woods charging them with importing and smuggling methamphetamine and marijuana into the United States from Canada, and conspiring to do so, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(4), 960(b)(1)(H), 963, and 18 U.S.C. §§ 2 and 545.  Currently before this Court are Defendants' motions *in limine* to exclude the cell phone records of calls between Ms. Woods, Ms. Moodie and an unidentified user of cell phone number (240) 687-8115.  For the following reasons, Defendants' Motions are granted.

   2.  Briefly, the relevant facts underlying Defendants' arrest are as follows.  On May 19, 2005, at approximately 8 p.m., Defendants presented themselves for entry into the United States from Canada at the Peace Bridge Port of Entry in Buffalo, New York. Defendants were operating a rented Ford Explorer and claimed that they were planning to shop that evening at the Galleria Mall.  Although the stores would be closing shortly, they explained that they were planning to stay overnight at an undetermined hotel and shop the next day.  The vehicle was referred to secondary inspection.  Both Defendants executed separate customs declaration forms indicating that they had nothing to declare. A search

of the Ford Explorer yielded approximately 1,998 Ecstasy pills weighing 602.7 grams, and 32 bags of marijuana hidden in the door panels of the vehicle.

3.       According to the Government, Defendants were in cell phone communication with an unidentified person using cell phone number (240) 687-8155, prior to and on the day of their arrest.[1]  According to the cell phone records, this individual traveled on May 19, 2005, from New Jersey to New York.  The records also allegedly reflect that the caller contacted Defendants while they were detained at the Peace Bridge from the vicinity of the Walden Galleria Mall.

4.       According to Defendant Woods, the Government seeks to introduce these phone records "in an attempt to show that [she and Ms. Moodie] were planning to deliver the drugs hidden in the car to this person . . . as opposed to going shopping."  (Def. Woods' Mot., ¶ 9).  The Government argues that this cell phone evidence is "probative of [D]efendants' intent and knowledge of what they were planning to do in advance of May 19, 2005."  (Gov't's Resp. to Def. Woods' Mot., p. 5).

5.       This Court finds that Defendants' cell phone contact with an unidentified person who traveled to Buffalo on May 19, 2005, **standing alone**, is not probative of whether they intended to smuggle drugs into the United States on that date.  The Government has failed to proffer any evidence regarding who this unidentified caller is, what he does for a living, or whether he has any relationship with Defendant Woods.  Most significantly, as the content of these conversations is unknown, there is no evidence that

---

[1]       According to the Government, the subscriber of cell phone number (240)687-8115 is "Conrad Davis," a fictitious name according to agents of Immigration and Customs Enforcement.  (Gov't's Resp. to Def. Moodie's Mot., p. 3).  The Government also contends that the caller is Defendant Moodie's friend, "Steve," whose last name is unknown.  (Gov't's Resp. to Def. Moodie's Mot., p. 4).

the unidentified caller intended to meet Defendants for any illegal purpose.  The fact that the caller was in the vicinity of the Walden Galleria on the evening of May 19, 2005, is equally suggestive of his intent to join Defendants on a legal shopping excursion.  Without any evidentiary context, the proffered cell phone records do not pass the threshold relevancy requirement of Rule 402.  <u>See</u> FED.R.EVID. 402.

Even assuming that the Government's proffered cell phone evidence was relevant, any probative value is substantially outweighed by the danger of unfair prejudice, waste of time, and considerations of undue delay.  <u>See</u> FED.R.EVID. 403.  Under the circumstances, this Court declines to permit the jury to speculate as to the purpose or content of Defendants' cell phone communications with the unidentified individual.

IT HEREBY IS ORDERED that Defendant Woods' Motion in Limine (Docket No. 52) is GRANTED.

FURTHER, that Defendant Moodie's Motion to Suppress Evidence (Docket No. 53) is GRANTED.

SO ORDERED.


Dated:   February 17, 2006
          Buffalo, New York

                                        /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                        United States District Judge

3